# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 5, 2010

Charles R. Fulbruge III
Clerk

No. 09-50094
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SEALED JUVENILE 1,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:08-CR-1085-ALL

Before DAVIS, STEWART and HAYNES, Circuit Judges.

PER CURIAM:[*]

"Sealed Juvenile 1" (hereinafter referred to as the appellant) appeals his sentence for juvenile delinquency, 18 U.S.C. § 5032, involving the transporting of illegal aliens under 8 U.S.C. § 1324. At sentencing, the district court determined that the maximum sentence under 18 U.S.C. § 5037(c)(1) was the maximum guideline range applicable to a similarly situated adult offender; the applicable range was 12-18 months in prison. The district court determined, however, that the appellant's criminal history was underrepresented under

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

U.S.S.G. § 4A1.3(a)(1), p.s., based upon his admission that he had been arrested on five prior occasions and on four occasions had been involved in the transportation of illegal aliens and based upon the court's finding beyond a reasonable doubt that the appellant was involved in a marijuana offense for which he had been arrested but was not convicted. The court departed upward one criminal history level and sentenced the appellant to 21 months of detention, at the top end of the newly applicable relevant guideline range.

The appellant now contends that the district court erred in imposing a sentence beyond the statutory maximum because the evidence was insufficient to establish beyond a reasonable doubt that he knowingly participated in the drug offense. However, the district court also relied upon the prior arrests to which the appellant admitted in order to determine that the appellant's criminal history category did not represent "the likelihood that the defendant will commit other crimes." § 4A1.3(a)(1). The fact that the appellant had repeatedly engaged in the transportation of illegal aliens supports the district court's conclusion that the appellant would reoffend. See, e.g., United States v. Simkanin, 420 F.3d 397, 419 (5th Cir. 2005)(finding no abuse of discretion in an upward departure where the district court determined that the defendant's likelihood to recidivate because of his ideological beliefs was not adequately reflected by the guideline range."

The appellant contends that the district court could not rely upon his prior alien smuggling offenses for an upward departure because the number of aliens had been included as relevant conduct and had resulted in a three-level enhancement to the original guideline range. The presentence report imposed the enhancement under U.S.S.G. § 2L1.1(b)(2)(A) based on a finding that the appellant had participated in the transportation of a total of 23 illegal aliens. However, the appellant admitted that the instant offense involved the transportation of six aliens; this number is sufficient to warrant the three-level increase in his offense level. Moreover, the district court found that the fact that

the appellant had engaged in the transportation of illegal aliens on multiple occasions made it more likely that he would engage in similar future conduct than if he had participated in one transportation of numerous aliens. Such a finding indicates that the serial nature of the appellant's offenses constituted a factor "not adequately taken into consideration" within the Guidelines. U.S.S.G. § 5K2.0(a)(2)(A). Therefore, the appellant has not established any error arising from the district court's upward departure at sentencing. The judgment of the district court is AFFIRMED.